UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                    Case No. 8:18-cr-451-TPB-SPF

RENE BENJAMIN AZOCAR VELASQUEZ,

     Defendant.
_____/

**ORDER DENYING DEFENDANT'S "OPPOSED MOTION
FOR SENTENCE REDUCTION UNDER AMENDMENT 821"**

This matter is before the Court on Defendant Rene Benjamin Azocar Valesquez's "Opposed Motion for Sentence Reduction Under Amendment 821," filed by counsel on December 10, 2024. (Doc. 144). On December 31, 2024, the Government filed a response in opposition. (Doc. 146). After reviewing the motion, response, case file, and the record, the Court finds as follows:

In November 2018, Defendant pleaded guilty to possessing with the intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a) and 70506(a), 18 U.S.C. § 2, and 18 U.S.C. § 960(b)(1)(B)(ii). (Docs. 44; 50; 56). Because he cooperated, the United States moved for a two-level reduction his offense level, which the Court granted. (Docs. 91; 93). The Court subsequently sentenced Defendant to 87 months imprisonment. (Doc. 97).

Defendant now seeks to reduce his sentence pursuant to Amendment 821 to the United States Sentencing Guidelines, which decreased the advisory guidelines

for offenders that meet certain criteria, including the absence of a criminal history point. In accordance with the Middle District of Florida's administrative order implementing Amendment 821 (Doc. 115 in 3:21-mc-1-TJC), the United States Probation Office submitted a memorandum reporting that Defendant is eligible for a sentence reduction. (Doc. 129). The Office of the Federal Defender confirmed Defendant's eligibility for a reduction and moved to reduce his sentence proportionately. (Doc. 144).

The Court exercises its discretion to deny the requested reduction. Although a district court must consider the advisory guidelines when sentencing a criminal defendant, the guidelines are "only one of a dozen or so factors that the court must take into account." *United States v. Rosales-Bruno*, 789 F.3d 1249, 1258 (11th Cir. 2015); *see Gall v. United States*, 552 U.S. 38, 59 (2007). The guidelines are advisory, not mandatory. *Id.*; *United States v. Henry*, 1 F.4th 1315, 1322 (11th Cir. 2021). As such, the Court always considers the advisory guidelines as required by applicable law, but the Court never imposes a sentence simply because the advisory guidelines suggest a particular range. The Court's discretion is guided by the sentencing factors enunciated in 18 U.S.C. § 3553(a). Some sentences imposed by the Court are below the advisory guidelines, some are within the advisory guidelines, and some sentences are above the advisory guidelines. The fact that the advisory guidelines were recently lowered does not mean, as some assume, that a defendant sentenced under those advisory guidelines is automatically entitled to have his sentence reduced.

Under the facts of this particular case, even considering the revised advisory guidelines, along with all of the other factors, the Court would impose the same sentence today that it originally imposed.  The Court notes that among other considerations, it gives weight to Defendant's violent post-sentencing conduct – Defendant has five violations as explained in the Government's response, including one incident that resulted in the hospitalization of another inmate after Defendant beat him with a lock inside of a sock.  To grant Defendant's request would reduce the sentence below that level necessary to accomplish the purposes of sentencing, particularly considering the nature and circumstances of the offense, the seriousness of the offense, the need to promote respect for the law, and the need to provide just punishment and appropriate deterrence.  Consequently, the motion is **DENIED**.

**DONE AND ORDERED** in Chambers, in Tampa, Florida, this 2nd day of June, 2025.

TOM BARBER
UNITED STATES DISTRICT JUDGE